**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MALCOLM WEBB,

      *Plaintiff*,

  v.

HILLSIDE MUNICIPAL POLICE
DEPARTMENT et al.,

      *Defendants.*

No. 25-cv-01026 (MEF)(SDA)

**OPINION and ORDER**

**Table of Contents**

**I.** **Background**
    **A.** **The Allegations**
    **B.** **Procedural History**
    **C.** **The Motions**
**II.** **Default**
    **A.** **Prejudice**
    **B.** **Meritorious Defense**
    **C.** **Culpable Conduct**
    **D.** **Conclusion**
**III.** **Preliminary Injunction**
    **A.** **Federal Claims**
        **1.** **Persons**
        **2.** **State Action**
    **B.** **State Claim**
**IV.** **Conclusion**

\*   \*   \*

A car was impounded, and its owner sought a preliminary injunction to get it back.

At first, the defendants did not respond, and the Clerk of Court entered default.

But the defendants have now appeared.

Their motion to vacate the entry of default is granted, and the car owner's motion for a preliminary injunction is denied.

\* \* \*

**I.   Background**

    **A.   The Allegations**

The relevant allegations for now are as follows.[1]

A man[2] was questioned by local police as to the "privacy plates"[3] on his car.  See Complaint (ECF 1) at 4.

About one month later, police officers again asked about the car's plates and whether the car was registered.  See id. at 5. The man seems to have told the officers that he had determined to opt out of New Jersey's car-registration requirements, by "withdraw[ing] consent."  See id.

The officers seized the car on the grounds that it needed to be registered, and had it towed.  See id.

    **B.   Procedural History**

The man whose car was taken sued.  From here, he is called "the Plaintiff."

---

[1]  At this stage, the Court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  Whether or not the allegations are true --- that is an issue for later.

[2]  Malcolm Webb.

[3]  See Emergency Petition for Preliminary Injunction and Replevin, Exhibit C (ECF 2-2) at 4 (photograph of the plates).

2

He named as defendants the relevant police department[4] and towing company,[5] plus the police department's insurance company[6] --- all of whom are referred to from here collectively as "the Defendants."

The Plaintiff claimed that the Defendants' actions in seizing his car violated (a) his rights under the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the federal Constitution, and (b) the New Jersey Civil Rights Act. See Complaint at 5.

\*   \*   \*

The Plaintiff filed proof of service. See ECF 10, 11. But the Defendants did not appear.

The Clerk of Court entered default. See Clerk's Entry of Default (May 9, 2025); Clerk's Entry of Default (May 12, 2025).

The Court then directed the Clerk of Court to mail the Complaint to the Defendants, along with an Order requiring them to indicate their availability for a phone conference. See ECF 20.

At that point, the Defendants appeared. See ECF 22, 25.

### C. The Motions

The Defendants have now moved to vacate the Clerk's entry of default. See ECF 30.

In addition, prior to the entry of default, the Plaintiff had moved for a preliminary injunction, asking the Court to, among other things, order the Defendants to return his car. See Emergency Petition for Preliminary Injunction and Replevin ("Motion for Preliminary Injunction") (ECF 2) at 3.

The Defendants' motion to vacate and the Plaintiff's motion for a preliminary injunction --- these are before the Court.

## II. Default

Start with the motion to vacate default.

---

[4]  Hillside Municipal Police Department.

[5]  Sisbarro Towing & Recovery LLC.

[6]  State National Insurance Companies, Inc.

A court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).

And "[d]istrict courts have discretion" to determine "whether good cause exists." Handle v. Postmaster Gen., U.S. Postal Serv., 806 F. App'x 95, 100 (3d Cir. 2020); accord, e.g., United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).

That discretion is channeled in two ways.

First, in a wide-gauged way: by "a strong presumption in favor of resolving cases on the merits." Handle, 806 F. App'x at 100; accord, e.g., U.S. Currency, 728 F.2d at 194; 10A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2681 (4th ed. 2025).

And second, by three granular considerations: "(1) whether the plaintiff will be prejudiced [by vacating the default]; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." U.S. Currency, 728 F.2d at 195; see also World Ent. Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012).

Tick through these one at a time.

### A.   Prejudice

First, would the Plaintiff be prejudiced by vacating the entry of default?

Yes, he argues, because that would delay the Court's ruling and the potential return of his vehicle. See Plaintiff's Verified Response in Opposition to Defendants' Cross-Motion to Vacate Default Judgment ("Opposition to Cross-Motion") (ECF 33) at 10.

There is a good deal to this.

Losing access to a car can quickly cause a cascade of serious difficulties.  A person might not be able to get to work or to school or to a doctor's appointment.  Not everyone can make smooth back-up arrangements --- borrowing a friend's car, say, for a trip to the supermarket.  And some people cannot easily rely on public transportation.  Because of where they live.  Or because of the late-night shift they work.  Or because they are disabled.

Here, there has already been too much delay.

The Defendants were served on April 14 and 16, see ECF 10, 11, but did not appear until June 3 and June 6.  See ECF 22, 25.

This delay moves the needle in the Plaintiff's direction.  Not all the way, though.  The reason: the "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding."  Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982); see also Brink v. Bormann, 2024 WL 3159433, at *5 (D.N.J. June 25, 2024) (applying Feliciano in the context of vacating an entry of default); Prime Hookah, Inc. v. MK Distribs. Inc., 2019 WL 13339086, at *2 (same).

### B.   Meritorious Defense

Second, do the Defendants have a meritorious defense?

As discussed in more detail below, yes.  See Part III.[7]

### C.   Culpable Conduct

Third and finally, was the entry of default the result of the Defendants' culpable conduct?

The culpable-conduct standard requires "more than mere negligence."  Mrs. Ressler's Food Prods. v. KZY Logistics LLC, 675 F. App'x 136, 142 (3d Cir. 2017) (as to vacating default judgment); accord, e.g., World Ent., 487 F. App'x at 761 (as to vacating an entry of default).

For example, "[r]eckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the . . . standard."  Mrs. Ressler's, 675 F. App'x at 142.

The Defendants' conduct here was not as it should have been.  As noted, the Defendants were served on April 14 and 16.  See ECF 10, 11.  And the Court then set a deadline, requiring them to respond to the Plaintiff's motion by May 19.  See ECF 12.  But the Defendants did not appear.

The various explanations for why:

---

[7] Part III shows that the Defendants have a meritorious defense to the Plaintiff's preliminary injunction motion.  And what is set out in Part III would seem to also amount to a strong defense to the Plaintiff's claim on the merits.

5

As to the police department, process was apparently served on "a municipal court employee, not an employee of [the] clerk's office of Hillside" --- and this "administrative error" caused the delay.  Cross-Motion at 6.

For its part, the insurance company says nothing about why it did not appear.  See id.

And the towing company does not elaborate either, beyond saying that its failure to respond was no more than "mere negligence." See Response in Opposition to Plaintiff's Motion for Default Judgment (ECF 32) at 3.

These explanations are not satisfactory.  Parties must generally appear when they are lawfully served.  The Defendants here did not do so.

After the above-referenced May 19 deadline came and went, on May 30 the Court ordered the Defendants to state their availability for a phone conference and caused that Order to be mailed to each Defendant.  See ECF 20.  Each Defendant then filed an appearance within a week.  See ECF 22, 25.

The Order from the Court should not have been required.  Parties that are lawfully served need to appear.  The Court should not have to prod them.

This said, the Defendants' turnaround after the Court's May 30 Order was relatively quick.

And overall, while the Defendants' conduct was plainly negligent, and moved down the road toward recklessness, it was not all the way to "culpable."

### D. Conclusion

Of the three relevant factors here, the first favors leaving the default in place; the second weighs strongly in favor of vacating the default; and the last factor leans in the direction of vacating default, too.

Given this line-up, and in light of the presumption in favor of resolving cases on the merits, see Handle, 806 F. App'x at 100; U.S. Currency, 728 F.2d at 194, the Court will exercise its discretion and vacate the entry of default against the Defendants.

6

## III. Preliminary Injunction

Turn now to the Plaintiff's motion for a preliminary injunction.

To get a preliminary injunction, the Plaintiff must show four things. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

He must establish that "he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Id. The "most critical" elements are the first and second. See Nken v. Holder, 556 U.S. 418, 434 (2009).

The burden is the Plaintiff's to carry. See Polaroid Corp. v. Disney, 862 F.2d 987, 991 (3d Cir. 1988).

The Court's conclusion: the Plaintiff has not shown that he is likely to succeed on the merits of his claims.

Therefore, his motion for a preliminary injunction must be denied.

### A. Federal Claims

As to the Plaintiff's federal constitutional claims, the Court assumes that he intended to invoke 42 U.S.C. § 1983.[8]

"[A] § 1983 plaintiff must [generally] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights . . . secured by the Constitution . . . of the United States." Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir. 2011).

#### 1. Persons

Claims under Section 1983 can go forward only against "persons." See 42 U.S.C. § 1983; see generally Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978).

---

[8] The Plaintiff is not represented here by a lawyer, and the Court therefore construes his materials "liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).

7

And one of the Defendants here is a municipal police department.[9]

But a municipal police department is not typically considered a "person" for the purposes of Section 1983. See, e.g., Rodriguez v. Wawa Inc., 833 F. App'x 933, 934 (3d Cir. 2021); Martin v. Red Lion Police Dep't, 146 F. App'x 558, 562 n.3 (3d Cir. 2005); Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004); Southey v. Twp. of Vernon, 2025 WL 1341742, at *2 (D.N.J. May 7, 2025); Santa Maria v. City of Elizabeth, 2015 WL 2414706, at *5 (D.N.J. May 20, 2015); Collins v. Bates, 2014 WL 4447553, at *6 (M.D. Pa. Sept. 10, 2014); PBA Loc. No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993).

And the Plaintiff does not explain why things might be different here.

He has not shown he is likely to succeed on the merits of his federal claims against the police department.

### 2. State Action

The other Defendants are a towing company and an insurance company.

But the federal constitutional provisions cited by the Plaintiff generally constrain only state actors. See generally Edmonson v. Leesville Concrete Co., 500 U.S. 614, 619 (1991).[10]

> In many contexts, spotting a state actor is straightforward. An on-duty police officer doing police work --- he or she is a state actor. Or think of a public community college or a town government. Those are state actors, too.

Rxeed LLC v. Caremark LLC, 771 F. Supp. 3d 495, 498 (D.N.J. 2025) (cleaned up).

But here, there is nothing "straightforward" about calling a tow truck company or an insurance company a state actor. These are private businesses.

\* \* \*

---

[9] Hillside Municipal Police Department.

[10] As noted above, Section 1983 also requires a showing that "the conduct complained of was committed by a person acting under color of state law." Schneyder, 653 F.3d at 319.

As to the insurance company, the Plaintiff does not try to establish that it is a state actor.

\*   \*   \*

As to the towing company, the Plaintiff seems to suggest that there was a tight link between the company and a state actor. See, e.g., Opposition to Cross-Motion at 19 (arguing that the towing company "acted jointly and in concert with [the police department] in depriving [the] Plaintiff of property under color of law, in violation of due process protections"); Complaint at 5 ("In coordination with [the towing company], [the police department] unlawfully seized the property[.]"); Motion for Preliminary Injunction at 2 ¶ 7 (stating that the police department "stripped [his] private plates in coordination with [the towing company]").

And these sorts of arguments can sometimes do the trick. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (holding that private entities can be state actors under Section 1983 when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself").

But what is needed at this stage are bona fide facts. See Matrix Distribs., Inc. v. Nat'l Ass'n of Bds. of Pharmacy, 34 F.4th 190, 196 (3d Cir. 2022); Munoz v. City of Union City, 481 F. App'x 754, 761 (3d Cir. 2012).

Summary assertions, offered without back-up, do not count. A bottom-line legal conclusion (like the Plaintiff's suggestion that certain entities "acted jointly and in concert") does not count as a fact even if, by virtue of its being sworn, it is dressed up as a fact. Cf. Badalamenti v. Resideo Techs., Inc., 755 F. Supp. 3d 534, 547 n.16 (D.N.J. 2024); Drucker Cornell v. Assicurazioni Generali S.p.A. Consol., 2000 WL 284222, at *2 (S.D.N.Y. Mar. 16, 2000).

There would be no point in requiring a party to come forward with facts if he could simply label his bottom-line legal theory as a fact and clear the bar that way.

And if a person can legitimately swear that a certain legal conclusion is true, that is presumably because he can swear to the underlying information that makes it true --- in which case, he should say what the underlying information is, and swear to it.

9

The closest the Plaintiff comes to putting forward a fact is when he says that the towing company "effectively concedes that it acted under the direction of [the police department]." Opposition to Cross-Motion at 18.

The relevant part of the Plaintiff's legal brief references the towing company's legal brief. See id. And the towing company's brief alludes to a "contractual relationship with the . . . [p]olice [d]epartment to effectuate tows as prompted by the municipality." Response in Opposition to Plaintiff's Motion for Default Judgment at 2.

But if that "contractual relationship" is what the Plaintiff has in mind, it does not change the picture.

"The Supreme Court has long held that the mere fact that the government contracts with a private entity does not convert the private entity into a state actor." Rxeed LLC, 771 F. Supp. 3d at 498 (cleaned up).

\* \* \*

In short: as to his federal claims, the Plaintiff has not shown that he is likely to succeed. The Plaintiff provides no reason to think the police department here is a Section 1983 "person," see Part III.A.1, or that the insurance and towing companies are state actors. See Part III.A.2.

\* \* \*

There is, though, an exception to all of this.

The Plaintiff's Section 1983 claim invokes various federal constitutional provisions, including the Thirteenth Amendment. See Complaint at 5. That applies against entities that are not state actors. See Edmonson, 500 U.S. at 619.

The Thirteenth Amendment forbids "slavery" or "involuntary servitude." U.S. Const. amend. XIII, § 1.

But the Plaintiff "makes no claims related to slavery." Opposition to Cross-Motion at 4.

And as to involuntary servitude, the Thirteenth Amendment's language "is limited to cases involving the compulsion of services by the use or threatened use of physical or legal coercion." Burrell v. Staff, 60 F.4th 25, 35 (3d Cir. 2023) (citing United States v. Kozminski, 487 U.S. 931, 948 (1988)).

10

But that is not this case.

Even if the Plaintiff is somehow being "coerc[ed]" to do something, he is not being compelled to perform services for someone else. He is being compelled, if anything, to get a license (for himself) and a registration (for his car).

Therefore, he has not shown that he is likely to succeed on his Thirteenth Amendment claim, either.

### B. State Claim

In addition to his federal constitutional claims, the Plaintiff presses a state law claim under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2. See Complaint at 5; Motion for Preliminary Injunction at 1.[11]

The NJCRA is "interpreted analogously to § 1983." Mervilus v. Union Cnty., 73 F.4th 185, 193 n.4 (3d Cir. 2023). So a plaintiff's claims under the NJCRA generally "rise and fall with his parallel § 1983 claims." Id.

Here, that means the claims fall together.

The NJCRA applies only against a "person." See Hernandez v. Twp. of Lyndhurst, 765 F. Supp. 3d 401, 409 (D.N.J. 2025). And "person" is defined the same way under the NJCRA as under Section 1983. See id.

The Plaintiff's Section 1983 claims do not work against the police department because he has not suggested why the department might count as a "person." See Part III.A.1.

And that means his NJCRA claim against the police department does not work either, for the same reason.

Because of Section 1983's state-actor requirement, the Plaintiff's federal claims do not get off the ground, at least for now, as to the insurance company and the towing company. See Part III.A.2.

Same result, for the same reasons, as to the Plaintiff's NJCRA claim against the insurance company and the towing company.

---

[11] The NJCRA applies to deprivations "not only [of] federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws." Gormley v. Wood-El, 218 N.J. 72, 97 (2014).

11

See, e.g., Hottenstein v. City of Sea Isle City, 793 F. Supp. 2d 688, 695 (D.N.J. 2011) (noting that the NJCRA shares Section 1983's state action requirement).

## IV. Conclusion

The Defendants' motion to vacate the Clerk of Court's entry of default is granted.

The Plaintiff's motion for a preliminary injunction is denied.

IT IS on this 8th day of July, 2025, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.