UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
MALCOLM WEBB,

          Plaintiff,                 No. 25-cv-01026(MEF)(SDA)

     v.                              OPINION and ORDER

HILLSIDE MUNICIPAL POLICE
DEPARTMENT et al.,

          Defendants.
```

\*   \*   \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the procedural history and allegations of this case.

\*   \*   \*

In brief:

A police officer had a car towed, see Complaint and Request for Injunction ("Complaint") (ECF 1) at 5, and the owner[1] of the car ("the Plaintiff") sued: (1) the relevant police department,[2] (2) the company that towed the car,[3] and (3) the insurance company that eventually took possession of the car.[4] See Amended and Supplemental Verified Petition for Preliminary Injunction under FRCP 65(a) ("Supplemental Petition") (ECF 7) at 3.

From here, these three entities are collectively called "the Defendants."

---

[1] Malcolm Webb.

[2] Hillside Municipal Police Department.

[3] Sisbarro Towing & Recovery, LLC.

[4] State National Insurance Companies, Inc.

The core of the Plaintiff's claim: the seizure of the car violated his rights under the federal Constitution. See Complaint at 5.[5]

Along with his complaint, the Plaintiff filed a motion for a preliminary injunction seeking the return of his car. See Emergency Petition for Preliminary Injunction and Replevin Pursuant to FRCP 64 and 65(a)(1)-(2) (ECF 2) at 1.

The motion was denied. See Webb v. Hillside Mun. Police Dep't, 2025 WL 1899560, at *6 (D.N.J. July 8, 2025).

The Defendants have now moved to dismiss the underlying complaint. See Defendants Hillside Municipal Police Department and Statewide National Insurance Companies, Inc.'s Brief in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 38-1) at 1; Defendant's Legal Brief in Support of Sisbarro Towing & Recovery, LLC's Motion to Dismiss (ECF 39-1) at 2.

Their motions are granted.

\*      \*      \*

---

[5] The complaint invokes the New Jersey Civil Rights Act as the cause of action that allows the Plaintiff's federal constitutional claims to go forward. See Complaint at 3. This does not work, because the Act does not purport to empower federal courts to hear federal constitutional claims. See N.J. Stat. Ann. § 10:6-2(d) (allowing for suits in state court). But the Plaintiff is proceeding pro se, so the Court must "apply the applicable law, irrespective of whether [he] has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (cleaned up). Hewing to this, the Court construes the Plaintiff as making use of 42 U.S.C. § 1983, the federal statute that supplies a cause of action in cases with claims like the ones pressed here. See Fields v. City of Salem Hous. Auth., 2015 WL 4171611, at *3 n.2 (D.N.J. July 10, 2015) (construing pro se complaint raising constitutional claim as proceeding under Section 1983); Zomerfeld v. Boro, 2023 WL 2985148, at *3 & n.5 (M.D. Pa. Feb. 6, 2023) (same); Khazali v. Washington, 2023 WL 3866767, at *1 (W.D. Wash. June 7, 2023) (same).

Start with the Plaintiff's constitutional claims against the police department.[6]

At the preliminary injunction stage, the Court noted the Plaintiff was unlikely to succeed on the merits because "a municipal police department is not typically considered a 'person' for the purposes of Section 1983." Webb, 2025 WL 1899560, at *4.

The Plaintiff now seems to concede that a police department cannot be sued under Section 1983. See Plaintiff's Memorandum of Law in Opposition to HPD/State National's Rule 12(b)(6) Motion ("Plaintiff's HPD/State National Brief") (ECF 40-1) at 4.

But he argues that "the [appropriate] remedy is substitution, not merits dismissal," and that "the Court should substitute [the municipality] for [the police department]." Id.

Sometimes substituting one party for another makes no real practical difference. And in those circumstances, in the face of a motion to dismiss based on the wrong party being named --- it may well make sense to simply replace one party (the improperly named one) with another party.

But that does not work here.

This is because municipality-defendants are not readily fungible with other sorts of defendants in the context of constitutional litigation. A constitutional claim against a municipality can only get off the ground if a distinct set of factual allegations is put forward. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).

If a municipality-defendant is simply substituted in, those factual allegations would presumably need to be pulled in from the Plaintiff's legal brief. But briefs are not where allegations are made. Factual allegations should be laid out in a complaint, in part so that the complaint can perform all of the work we expect of it --- including ensuring (i) that the defendant unmissably understands the full scope of the plaintiff's claims, and (ii) that any needed motion practice does not take place against a moving target. Cf. Rose v. Butterfly Network, Inc., 2025 WL 501427, at *5 (D.N.J. Feb. 13, 2025).

---

[6] Except the constitutional claim under the Thirteenth Amendment. That is taken up later.

3

Accordingly, the police department will not be substituted out for the relevant municipality; rather, the claims against the police department will be dismissed.

Should the pro se Plaintiff wish to file an amended complaint against the municipality, he will be permitted to do so.

\* \* \*

Move now to the constitutional claims against the insurance company.[7]

At the preliminary injunction stage, the Court held that the Plaintiff was unlikely to succeed on the merits of his claims against the insurance company because "the Plaintiff d[id] not try to establish that it is a state actor." Webb, 2025 WL 1899560, at *4.

Now, the Plaintiff argues that the insurance company can be treated as a state actor because the complaint plausibly alleges "joint action with police in the challenged deprivation." Plaintiff's HPD/State National Brief at 4-5.

Sometimes, a private entity (like the insurance company) can be treated as a government actor --- and accordingly be held to account under federal constitutional law.

> The Third Circuit has outlined three broad tests to determine whether a private entity is a state actor. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). These are: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Id. (cleaned up).

Rxeed LLC v. Caremark LLC, 771 F. Supp. 3d 495, 498 n.3 (D.N.J. 2025).

The Plaintiff has not made any argument as to (1) or (3).

---

[7] Again, except the Thirteenth Amendment claim, which is considered below.

4

He seems to rely here on (2) --- contending that the insurance company has engaged in "joint action with police." Plaintiff's HPD/State National Brief at 5.

But there is no basis for this in what the Plaintiff has alleged. There is no mention of the insurance company in the complaint. Or in the affidavit the Plaintiff provided in support of his preliminary injunction motion.

The insurance company is referred to in a supplemental petition filed by the Plaintiff.

> . . . Despite this pending litigation and formal notice, the vehicle was unlawfully transferred to [the insurance company] on or around February 19, 2025, via a demand letter . . . received by [the] Plaintiff with a ransom demand of $31,356.70.
>
> . . . The transfer was executed without legal title, judicial authority, or perfected lien --- deriving from the original unconstitutional seizure --- and resulted in further irreparable harm, for which this Court's prior inaction materially contributed.

Supplemental Petition at 2.

But these allegations cannot move the needle. They do not suggest any "joint action" because they do not say anything about the insurance company working with government officials.

The claims against the insurance company must be dismissed.

\*   \*   \*

Finally, consider the constitutional claims[8] against the towing company.

Earlier, the Court held that the Plaintiff had failed to come forward with "bona fide facts" establishing that "the towing compan[y] [is a] state actor." Webb, 2025 WL 1899560, at \*5.

Now, the Plaintiff argues that the towing company "willful[ly] participat[ed] in the deprivation." Plaintiff's Memorandum of Law in Opposition to Sisbarro Towing & Recovery, LLC's Motion to Dismiss under Rule 12(b)(6) and Rule 12(b)(1) (ECF 40) at 5.

---

[8] Once again, except the Thirteenth Amendment claim.

To back up this argument, which seems to invoke the second Kach test, see 589 F.3d at 646, the complaint alleges only that the police "unlawfully seized" his car "[i]n coordination with [the towing company]." Complaint at 5. The affidavit the Plaintiff provided in support of his motion for a preliminary injunction similarly states that the police department "coordinated with [the towing company] to unlawfully seize [the Plaintiff's] personal private consumer goods and strip[] [his] private plates." Affidavit of Truth in Support of Emergency Petition for Preliminary Injunction and Replevin (ECF 2-1) at 2.

But these are little more than "bottom-line legal conclusion[s]." Webb, 2025 WL 1899560, at *5.

Alleging there was "coordination," Complaint at 5, is, at best, a shorthand way of bringing to bear the legal standard, a quick and causal way of claiming that the towing company "acted with the help of or in concert with state officials." Kach, 589 F.3d at 646 (cleaned up).

But to survive a motion to dismiss, what is needed are building-block factual allegations that, when added up, plausibly satisfy the relevant legal test.[9] What does not suffice is what the Plaintiff has provided here --- a statement of the relevant legal test (or a shorthand articulation of the test).

Laying out who coordinated with who, where they did it, when they did it, how they did, what the substance of the coordination was --- all of that may potentially advance the ball. But simply saying that there was coordination does not.[10]

\* \* \*

Two additional points.

First: the Plaintiff presses Thirteenth Amendment claims against each Defendant.

---

[9] A relevant legal test like the second Kach test.

[10] And as noted, see Webb, 2025 WL 1899560, at *5, the coordination implicit in having a contractual relationship with a government actor is, standing alone, almost surely not enough to make it past a motion to dismiss. See Rxeed, 771 F. Supp. 3d at 498.

6

The Court previously held that the Plaintiff was unlikely to succeed on the merits of this claim because "he is not being compelled to perform services for someone else." <u>Webb</u>, 2025 WL 1899560, at *6.

The Plaintiff has offered no reason to set aside this conclusion. So his Thirteenth Amendment claims must be dismissed.

<u>Second</u>: in addition to his federal claims, the Plaintiff also "presses a state law claim under the New Jersey Civil Rights Act" against each Defendant. <u>Id</u>.

But as the Court held before, these claims fail for the same reasons the Plaintiff's federal constitutional claims do. <u>See id</u>.

The Plaintiff has offered no reason to undo that ruling. So his New Jersey Civil Rights Act claim must also be dismissed.

\*   \*   \*

The motions to dismiss at ECF 38 and ECF 39 are granted.

Should the Plaintiff wish to file a complaint that runs solely against the Township of Hillside, New Jersey, he may do so, provided it is filed on or before February 14, 2026.

Should the Plaintiff which to file an amended complaint that includes allegations against Sisbarro Towing & Recovery LLC or State National Insurance Companies, Inc., or both, he may do so (a) with the consent of the relevant opposing party, or (b) with leave from the United States Magistrate Judge.

It is on this 13th day of January, 2026 **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

7